IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA )
)
v. ) Criminal No. 04-96
)
RONALD WINGFIELD )

## Memorandum Opinion

Currently pending before this Court is the *Pro Se* Motion of Defendant/Petitioner Ronald Wingfield to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. Wingfield, who plead guilty to the one count indictment charging him with possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g), now challenges his conviction on the basis that his trial counsel and his appellate counsel were ineffective, and that this Court violated his constitutional rights in sentencing him under the Armed Career Criminal Act (ACCA).

In his motion, petitioner raises four separate grounds for review. First, he appears to argue that appellate counsel was ineffective in arguing the constitutionality of 18 U.S.C. § 922(g) at the same time she argued other claims in the direct appeal. Second, he argues that trial counsel was ineffective during the suppression hearing in failing to make arguments that petitioner believes would illustrate that the parole agents lacked reasonable suspicion to search him. Third, petitioner contends that appellate counsel was ineffective in his direct appeal because she raised arguments that were contrary to the record and "were guaranteed to fail." Finally, petitioner argues that this Court erred in sentencing him under the ACCA.

Petitioner entered a guilty plea on April 5, 2005, and the transcript of said guilty plea evidences that defendant agreed (as set forth more fully in the plea agreement) to waive his right

to file a motion to vacate pursuant to 28 U.S.C. § 2255. (See Doc. No. 111-3). Further, at the guilty plea hearing the Court questioned defendant about whether he understood the terms of the agreement and he answered in the affirmative. (See Doc. No. 111-2 at 12). At the guilty plea hearing, however, his counsel argued that he could not waive his right to file a motion to vacate alleging ineffectiveness of counsel. (Doc. No. 11-2 at 23).

In *United States v. Mabry*, ___ F.3d ___, 2008 WL 2875346 (3d Cir. 2008), the United States Court of Appeals for the Third Circuit affirmed a district court order enforcing the collateral waiver provision where a review of the colloquy showed that the waiver was knowing and voluntary. The Court of Appeals in *Mabry* stated that a district court should properly consider the validity of the waiver by examining the (1) the knowing and voluntary nature, based on what occurred and what defendant contends, and (2) whether enforcement would work a miscarriage of justice.

A review of the record indicates that petitioner's guilty plea was knowingly and voluntarily entered and enforcement of the waiver provision would not work a miscarriage of justice. After reviewing the colloquy and the guilty plea, the Court finds that petitioner waived his right to file a motion to vacate under Section 2255 as to any alleged errors by this Court in sentencing him under the ACCA. The Court is, however, aware that in Wingfield's petition, he raises three ineffectiveness claims. After reviewing the colloquy and the plea agreement, the Court finds that he did not expressly waive his right to raise allegations of ineffectiveness. Nonetheless, petitioner's arguments are wholly without merit.

Petitioner's arguments (numbers two and four) that trial counsel was ineffective in the suppression hearing, and that the sentencing court erred, are nearly identical to those raised on

2

direct appeal to the Court of Appeals for the Third Circuit. (See Doc. No. 111-6) Because these arguments were previously pursued and ruled upon in his direct appeal, said arguments are merely a repackaging of failed arguments and are without merit. *United States v. DeRewal*, 10 F.3d 100, 105 (3d Cir.1993), cert. denied , 511 U.S. 1033 (1994) (Section 2255 may not be used to reargue issues that were previously raised and ruled upon in a direct appeal).

Claims of ineffective assistance of counsel are reviewed under the two-prong standard of *Strickland v. Washington*, 466 U.S. 668 (1984). First, petitioner "must show that counsel's representation fell below an objective standard of reasonableness." *Id.* at 688. Second, petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694. In other words, petitioner must show that counsel's errors were so serious as to deprive the petitioner of a fair trial; that is, a trial whose result was reliable.

When reviewing whether counsel's performance was deficient, we must, in a highly deferential manner, examine whether counsel's assistance was reasonable considering all of the circumstances. We need not determine what the ideal attorney might have done in a perfect world or even what the average attorney might have done on an average day; instead, our case-by-case inquiry focuses on whether a particular counsel's conduct was reasonably effective in context.

Moreover, even unreasonable conduct will not warrant relief if the petitioner fails to prove affirmatively that the unreasonable conduct prejudiced his case. To establish prejudice, a petitioner must establish more than that the unreasonable conduct might have had some conceivable effect on the outcome of the proceeding. The petitioner must show that there is a

reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. With these standards in mind, we review petitioner's ineffectiveness claims.

Petitioner's vague and general claims (at numbers one and three) that appellate counsel was ineffective in arguing the constitutionality of Section 922(g) at the same time as other arguments, and in advancing arguments that were "guaranteed to fail" are wholly unconvincing because petitioner has not and cannot demonstrate that counsel's actions were either unreasonable or that they might have had some conceivable effect on the outcome of the proceedings.

Accordingly, for these reasons, the *Pro Se* Motion of Defendant/Petitioner Ronald Wingfield, to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (doc. no. 104) will be denied. An appropriate order follows.

          s/Arthur J. Schwab
          Arthur J. Schwab
          United States District Judge

cc:    All counsel of record

Ronald Wingfield
08080-068
USP Big Sandy
P O Box 2068
Inez, KY 41224
PRO SE